IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ARTHUR BERRY | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1052-M |
| | § | |
| THOMAS R. GRETT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Arthur Berry, a Texas prisoner, against his former attorneys, a state district judge, the Dallas County District Attorney, the Dallas County Police Department, and the Dallas County Jail. On June 23, 2008, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on July 17, 2008. The court now determines that this case should be summarily dismissed.

II.

Although his complaint and interrogatory answers are difficult to decipher, it appears that plaintiff served a one-year sentence in the Dallas County Jail following his conviction on a misdemeanor gun charge. On July 6, 2008, 12 days after his release from jail, plaintiff was arrested by Dallas police officers for two robberies. Plaintiff is back in the Dallas County Jail awaiting trial on the robbery charges.

Most of the claims asserted by plaintiff in the instant suit relate to his gun conviction. According to plaintiff, his lawyers in that case, Assistant Public Defender Thomas R. Grett and a private attorney, George E. Ashford III, refused to provide him with the police report, repeatedly said they did not want to represent him, used racial epithets and referred to him in derogatory terms, and otherwise neglected his defense. (*See* Mag. J. Interrog. #2, 3, 8). Plaintiff generally accuses the trial judge, Robert Francis, of bias and the District Attorney of withholding certain paperwork. (*See* Plf. Compl. at 3; Mag. J. Interrog. #2). With respect to the pending robbery charges, plaintiff states that the Dallas Police Department planted evidence and arrested him based on hearsay. (*See* Plf. Compl. at 4; Mag. J. Interrog. #2, 4). Finally, plaintiff alleges that the Dallas County Jail refused to provide him with a certified copy of his inmate trust account statement. (*See* Plf. Compl. at 3). By this suit, plaintiff seeks $4 million in damages, immediate release from jail, and an investigation into his claims.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas Police Department and the Dallas County Jail. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Neither the Dallas Police Department nor the Dallas County Jail are separate legal entities having jural authority. *See, e.g. Johnson v. Dallas City Police Dept.*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex.

Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas Police Department not a proper defendant with jural existence); *Lindley v. Bowles*, No. 3-02-CV-0595-P, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (same as to Dallas County Jail). Consequently, plaintiff's claims against these defendants should be dismissed.[1]

C.

Nor can plaintiff sue his former lawyers, the trial judge, or the Dallas County District Attorney. First, judges and prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (judges); *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutors). Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Moreover, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a party may not maintain a civil rights action

---

[1] The court notes that plaintiff's sole claim against the Dallas County Jail, which is based on his inability to obtain a certified copy of his inmate trust account statement, is without an arguable basis in fact. On July 2, 2008, jail officials provided the court with a copy of plaintiff's trust account statement, which shows that he lacks the funds necessary to prosecute this action.

based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred unless the conviction has been reversed or been declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

The gravamen of plaintiff's complaint is that he received ineffective assistance of counsel in connection with his gun conviction, that the prosecutor withheld favorable evidence, that the trial judge was biased against him, and that he was falsely arrested on the pending robbery charges. Such claims necessarily imply the invalidity of plaintiff's prior and pending criminal cases, which have never been reversed or declared invalid. (*See* Mag. J. Interrog. #6, 7). Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983. *See, e.g. Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004) (civil rights claim based on manufactured evidence and perjured testimony does not accrue until state court dismisses underlying criminal action); *Ferguson v. City of Rowlett*, No. 3-04-CV-1429-P, 2004 WL 1857130 at *2 (N.D. Tex. Aug. 18, 2004), *rec. adopted*, 2004 WL 1944082 (N.D. Tex. Aug. 31, 2004) (claim that police and prosecutor conspired to manufacture misleading videotape and present false evidence to jury was barred by *Heck*); *Gilkey v. Graves*, No. 3-03-CV-0497-G, 2003 WL 21653858 at *1-2 (N.D. Tex. Apr. 9, 2003) (same as to claims against judge and others for conspiring to violate plaintiff's civil rights before and during criminal trial).[2]

---

[2] To the extent plaintiff challenges his pretrial incarceration on the pending robbery charges, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, a search of Dallas County records reveals that plaintiff has never filed an Article 11.07 writ

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

of habeas corpus in either of his pending cases. Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Hamilton v. Dretke*, No. 3-04-CV-2465-L, 2005 WL 38977 at *1 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 256472 (N.D. Tex. Jan. 31, 2005) (pretrial detainee in Texas must present claims to Texas Court of Criminal Appeals before seeking federal habeas relief).